UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEAR SKIES NEVADA, LLC,

      Plaintiff,

v.                                                                       Case No. 15-13181
                                                       Honorable Linda V. Parker

DOES 1-29,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE

On September 9, 2015, Plaintiff filed this lawsuit against twenty-nine unknown individuals alleging that those individuals acquired and distributed Plaintiff's copyrighted work through an online, file-sharing network. Presently before the Court is Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference, filed October 1, 2015.  (ECF No. 2.) Plaintiff filed the motion seeking to propound discovery requests upon Internet Service Providers ("ISP") Comcast Cable and Charter Communications in order to identify the individuals associated with the Internet Protocol ("IP") addresses from which the alleged infringing conduct was committed. For the reasons that follow, the Court is granting Plaintiff's motion for immediate discovery with certain conditions.

Plaintiff is the owner of a federally registered copyright to a film called

1

"Good Kill." (ECF No. 1 ¶¶ 1, 8, 9.) Plaintiff claims that Defendants illegally acquired and distributed this movie via the Internet. (*See, e.g., id.* ¶¶ 1, 3, 8.) Through forensic software, Plaintiff identified Defendants' IP addresses and determined that Defendants used the internet system of the above-identified ISPs to engage in the alleged illegal conduct. (*See, e.g.*, ECF No.3-2 ¶¶ 14-15.)

Plaintiff establishes that "good cause" exists for it to serve third-party subpoenas on Comcast Cable and Charter Communications in advance of a Rule 26(f) conference. *See Artista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004)); *Artista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (citing cases). Plaintiff makes a prima facie showing of a claim of copyright infringement, submits a specific discovery request, and establishes that (1) there are no alternative means to obtain the information that its seeks through the discovery, (2) there is a central need for the information, and (3) Defendants have a minimal expectation of privacy. The Court is satisfied that Defendants must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference, with the following limitations. Plaintiff will be allowed to serve immediate discovery on the ISPs to obtain the identity of Defendants by serving a Rule 45 subpoena that seeks information sufficient to identify Defendants, including name, current (and

permanent) addresses, telephone number, email address, and Media Access Control address. Plaintiff shall attach a copy of this Opinion and Order to the subpoena. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

When the ISP is served with a subpoena, it shall give written notice, which may include email notice, to the subscriber in question within five (5) business days.

If the ISP or subscriber wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 19, 2015